IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Lesane, #258515 )<br>  )<br>  Petitioner, )<br>  )<br> v. )<br>  )<br> Anthony Padula, Warden )<br> of Lee Correctional )<br> Institution, )<br>  )<br>  Respondent. )<br> _____) | Civil Action No.8:08-2231-HMH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Dkt. Entry # 11) and the petitioner's motion for subpoenas (Dkt. # 14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on June 13, 2008.[1] On August 11, 2008, the respondent moved for summary judgment. By order filed August 12, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 15, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.

**PROCEDURAL HISTORY AND FACTS**

The petitioner is a state inmate currently confined at the Lee Correctional Institution. In February 1998, the Georgetown Grand Jury indicted the petitioner for trafficking in crack cocaine. The petitioner was charged with selling between 100 and 200 grams of crack

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach.)

cocaine for $6,300 to an undercover police officer. On May 25-26, 1999, the petitioner was tried by a jury with the Honorable C. Victor Pyle presiding.

At trial, three witnesses testified for the prosecution. Lieutenant Ernest Hampton of the Georgetown County Sheriff's Office's Narcotics Unit testified that on October 29, 1996, he took part in an undercover drug operation with Willie Porcher, a confidential informant. (App. 35-37.) Deputy Fred Lytle of the Georgetown County Sheriff's Department also testified. (App. 75-91.) He was the officer in charge of the narcotics investigation on October 29, 1996. (App. 76.) He testified that he was doing surveillance for the investigation, and was sitting in a car with the receiver for Hampton's wireless transmitter. (App. 77.) Lytle testified that Hampton handed him the bag of crack cocaine he had purchased from the petitioner. (App. 79.) Lytle testified that he placed the bag in an evidence bag and sealed it. (App. 79.) He also stated that he locked the bag in a safe at the airport until he had the opportunity to take it to the State Law Enforcement Division ("SLED"). (App. 80.) The final witness was Hue Tang, a chemical analyst with SLED, who testified that he tested the substance contained in the evidence bag and determined that it was 163.5 grams of crack cocaine. (App. 93; 95; 96.) On May 26, 1999, the petitioner was convicted of trafficking in crack cocaine and Judge Pyle sentenced him to confinement for a period of twenty-five years and imposed a fine of $50,000.

The petitioner did not file a direct appeal. On August 12, 1999, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief: 1) ineffective assistance of counsel because counsel failed to file a notice of appeal; 2) ineffective assistance of counsel because trial counsel did not subpoena witnesses; and 3) violations of his constitutional rights. (App. 159-60.)

On July 30, 2001, an evidentiary hearing was held before the Honorable James E. Lockemy. (App. 171-172.) The petitioner was present and was represented by attorney

Brian Wade. (App. 171.) The petitioner requested another attorney, but this request was denied. (*Id.*) After the hearing, the petitioner submitted several additional allegations of ineffective assistance of counsel. (App. 179.)

On January 24, 2002, while the petitioner's application for PCR was still pending, the petitioner filed a petition for federal habeas relief in this Court (C/A No: 02-0146-19) which was ultimately dismissed without prejudice. (Return Attach. # 13.)[2]

On April 12, 2002, the petitioner's state PCR application was denied and dismissed with prejudice. (App. 179-191.) The PCR Court specifically found trial counsel was not ineffective for failing to: 1) investigate; 2) subpoena the confidential informant or other witnesses; 3) cross-examine witnesses; 4) object to continuing the trial after the name of the confidential informant was revealed; 5) file an appeal 6) object to fraudulent incident reports; or 7) object to the admission of the tape of the drug transaction. (App. 185-188.) He also found trial counsel was not ineffective because of a conflict of interest or for making comments on the petitioner's right to testify. (App. 188.) Finally, the PCR Court found the trial court had subject matter jurisdiction and the court reporter did not improperly transcribe the trial testimony. (App. 190.)

On December 30, 2002, the petitioner filed a writ of mandamus in the South Carolina Supreme Court in which he asserted that Judge Lockemy had not made a timely decision in his PCR proceeding. (Return Attach. # 6.) Specifically, he claimed that seventeen months had passed since the PCR hearing without a decision by the court. On January 15,

---

[2]On July 11, 2002, the undersigned issued a Report and Recommendation recommending that the petition be dismissed without prejudice because the petitioner's state PCR application was still pending, and the petitioner had clearly failed to exhaust available state remedies. (Return Attach. # 16.) On August 5, 2002, United States District Court adopted the report and the petitioner's petition was dismissed without prejudice. (Return Attach. # 17.) On August 28, 2002, the petitioner filed a notice of appeal. On December 24, 2002, in an unpublished opinion, the United States Court of Appeals for the Fourth Circuit denied the petitioner a certificate of appealability and dismissed the petitioner's appeal. (Return Attach. # 18.) The petitioner filed a petition for rehearing which was denied as untimely on February 24, 2003. (Return Attach. # 19.)

3

2003, the Deputy Clerk of the South Carolina Supreme Court asked the South Carolina Attorney General's Office about the status of the petitioner's PCR case. (Return Attach. # 7.)  On January 17, 2003, attorney William Bryan Dukes of the South Carolina Attorney General's Office informed the Court that a copy of the PCR Court's April 12, 2002, order had been sent to the petitioner's counsel of record, Brian S. Wade.  (Return Attach. # 8.)

On February 6, 2003, the South Carolina Supreme Court dismissed the petitioner's writ pursuant to *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991), because no extraordinary reason existed to entertain it in the Court's original jurisdiction.  (Return Attach. # 9.)  The petitioner filed a motion to re-instate his appeal.  On February 25, 2003, construing the motion as one for a rehearing, the South Carolina Supreme Court Order dismissed the petitioner's motion to reinstate his appeal.  (Return Attach. # 10.)  The petitioner was informed he could seek relief pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).

On March 24, 2003, the petitioner filed another PCR application (2003-CP-22-239), alleging ineffective assistance of PCR counsel for failing to file an appeal from the denial of his first PCR application.  (App. 192.)  On September 20, 2004, an evidentiary hearing was held before the Honorable B. Hicks Harwell. (App. 246.)  The petitioner was present and was represented by attorney Reuben Goude. (*Id.*)   On November 2, 2004, Judge Harwell granted the petitioner PCR thereby allowing him to appeal the order of denial in his first PCR.  (App. 246-249.)

On November 10, 2004, the petitioner timely filed a notice of appeal of the denial of his first PCR application.  (Return Attach. # 26.)  On appeal, the petitioner was represented by Assistant Appellate Defender Robert M. Pachak.  The petitioner also filed a petition for a writ of certiorari pursuant to *Austin v. State*  arguing that the petitioner did not knowingly and voluntarily waive his right to a direct appeal.  (Return Attach. # 29.)  On June 20, 2007, the South Carolina Supreme Court granted the petitioner's petition for a  writ of certiorari,

and pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974) and Rule 227(i)(2), SCACR, requested the parties brief the following direct appeal issue: Did the trial judge err in refusing to grant a continuance?  (Return Attach. # 31.)  After receiving briefs from both parties, on April 7, 2008, the South Carolina Supreme Court affirmed the trial court's denial of a continuance pursuant to Rule 220(b)(1), SCACR, and the following authority: *State v. Morris*, 656 S.E.2d 359 (S.C. 2008)(denial of continuance will not be overturned on appeal absent clear abuse of discretion).  (Return Attach. # 34.)  On June 2, 2998, the South Carolina Supreme Court denied the petitioner's motion for reconsideration and the remittitur was sent down.  (Return Attachs. # 35 & 36.)

On February 8, 2006, while the petitioner's appeal of his first PCR was still pending in the South Carolina Supreme Court, the petitioner filed another petition for federal habeas review in this Court (C/A No: 8:06-0395-HMH-BHH), alleging a delay in the processing of his appeal.  (Return Attach. # 20.)  On March 28, 2006, the petitioner moved to stay the petition and leave to obtain authorization to file a second habeas petition.  On September 19, 2006, the undersigned issued a report and recommendation recommending the petition be dismissed without prejudice as a delay in state proceedings was not a ground for federal habeas relief. (Return Attach. # 23.)  On October 20, 2006, the United States District Court of South Carolina adopted the report and granted the respondent's motion for summary judgment. (Return Attach. # 24.)  On November 14, 2006, the petitioner filed a notice of appeal.  On March 29, 2007, the petitioner was denied a certificate of appealability and his appeal was dismissed.  (Return Attach. #25.)

On June 13, 2008, the petitioner filed this current habeas petition raising the following ground for relief, quoted verbatim:

> **Ground One:** Conviction was obtained by an abuse of discretion that may also have arise to the level of fraud

5

> **Supporting Facts:** Trial judge denied motion for continuance by trial counsel after trial counsel explained that the solicitor failed to comply with disclosure of the identity of confidential informant, when confidential informant's participation in this alleged crime was contradictorial to that of investigating officers testimony at trial. This abuse was unconstitutional because informants participation was favorable to defense.

(Pet. 5.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

7

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has

9

clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or for PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim.  Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause

and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

Initially, the undersigned notes that the petitioner has raised only one issue in his habeas petition. However, in the facts section of his memorandum opposing summary judgment, the petitioner refers to numerous other errors which were allegedly made regarding his trial and conviction. He alleges that the trial transcript was altered, his trial counsel was ineffective for failing to object to the State's failure to prove the chain of

custody regarding the drugs, he was denied his right to represent himself, and the trial court lacked subject matter jurisdiction because the indictment was deficient for failing to allege a sale of the drug. (Pet'r's Mem. Opp. Summ. J. at 3.) However, in accord with his petition, he then states very clearly that his sole ground for relief in this habeas action is whether the trial court erred in denying his motion for a continuance and he argues the merits of only this ground. (*Id.* 4-7.) Therefore, the undersigned will address only this issue.

In his petition, the petitioner contends his conviction was obtained by an abuse of discretion which he alleges may rise to the level of fraud. (Pet. at 5.) Specifically, he alleges the trial court should have granted him a continuance because the solicitor failed to disclose the identity of the confidential informant. (*Id.*) As noted above, on April 7, 2008, the South Carolina Supreme Court affirmed the trial court's denial of a continuance pursuant to Rule 220(b)(1), SCACR, and the following authority: *State v. Morris*, 656 S.E.2d 359 (S.C. 2008)(denial of continuance will not be overturned on appeal absent clear abuse of discretion).

The respondent contends that the petitioner's claim should be dismissed because the petitioner cannot establish that the trial court's exercise of discretion in denying the petitioner's motion for a continuance exceeded constitutional bounds. Further, the respondent contends the South Carolina Supreme Court did not unreasonably apply federal law in affirming the petitioner's conviction after reviewing this issue.

Courts have the right to control their docket and require that cases proceed in an orderly and timely fashion, and to that end may deny motions for continuances. *United States v. Inman,* 483 F.2d 738, 740 (4th Cir. 1973). As set forth in *Hill v. Ozmint*, 339 F.3d 187, 196 (4th Cir. 2003), to establish that a trial court violated the Constitution in refusing to grant a continuance, the petitioner first must establish that the trial court "abused its discretion" in denying his continuance motion. Second, the petitioner must establish that

the trial court's erroneous ruling prejudiced his defense.  *Id.* at 196-197 (internal citations omitted).

The record shows that the petitioner was indicted in February 1998.  (App. 198-199.) Fourteen months later, in May 1999, the petitioner retained trial counsel a little over two weeks before his trial was set to begin.  (App. 12.)   At the pretrial hearing and for the record, trial counsel renewed a motion for a continuance based upon the fact that trial counsel was retained only two weeks prior to trial.  (*Id.*)[3]   Apparently trial counsel had moved for a continuance on the same ground a day earlier in chambers.  (*Id.*)  The trial court denied the motion.  (*Id.*)  In a second motion, trial counsel moved to quash the indictment for failing to promptly indict the petitioner. (App. 12-13.)  Trial counsel noted that a material witness, a co-defendant, had died prior to the petitioner's indictment and the petitioner believed that the State was not going to prosecute him which caused his delay in retaining counsel.  (App. 13.)  The trial court also denied this motion.  (*Id.*)

The petitioner could have retained counsel earlier, and it was his failure to do so that led to his request for a continuance.  Therefore, the trial court did not abuse its discretion in denying the petitioner's motion for a continuance. *United States v. Kosko,* 870 F.2d 162, 163-64 (4th Cir. 1989) (court found no abuse of discretion in denying motion for when defendant retained new counsel one week before trial);  *United States v. Curry*, 512 F.2d 1299, 1302 (4th Cir. 1975) (court did not abuse its discretion in denying motion for continuance when defendant waited until seven days before trial to retain trial counsel).

Furthermore, even if the trial court erred in denying him a continuance, the petitioner has still failed to show how that error prejudiced him.  In his petition, the petitioner claims that with the continuance, trial counsel would have been able to interview the confidential

---

[3]The undersigned notes the petitioner also raised a speedy trial violation which is directly at odds with his reasoning for seeking a continuance.

13

informant whose name he learned the morning of the trial. The informant was not called as witness at trial. Further, the petitioner has not shown that the testimony of the informant would have assisted his defense or would have contradicted the statements made by the police at trial. He merely argues "there was the possibility that this case was an entrapment case." (Pet'r's Mem. Opp. Summ. J. at 6.) As the petitioner has failed to establish he was prejudiced by the denial of the motion for a continuance, he has failed to establish his constitutional claim. *Hill,* 338 F.3d at 196-97.

The petitioner has not established that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, the petitioner has failed to establish that he is entitled to habeas relief and his petitioner should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#11) be GRANTED and the habeas petition be DISMISSED with prejudice.

FURTHER, if the District Court adopts this report, IT IS RECOMMENDED that the Plaintiff's Motion for Subpoenas (Dkt. # 14) be DENIED, as moot.

IT IS SO RECOMMENDED.

                              s/Bruce Howe Hendricks
                              United States Magistrate Judge

October 29, 2008

Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).