IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Lesane, #258515, ) | |
| ) | |
| Petitioner, ) | C.A. No. 8:08-2231-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Anthony Padula, Warden of Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael Lesane ("Lesane"), proceeding pro se, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 13, 2008.[2] In her Report and Recommendation, Magistrate Judge Hendricks recommends granting Anthony Padula's ("Padula") motion for summary judgment, dismissing Lesane's petition, and denying Lesane's motion for subpoenas.

  Lesane filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] Houston v. Lack, 487 U.S. 266 (1988).

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Lesane's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court has identified one specific objection.  Lesane objects to the magistrate judge's conclusion that the trial court did not abuse its discretion in denying Lesane's motion for a continuance.  (Objections 3-5.)  This objection is without merit.

As the magistrate judge explained, Lesane "was indicted in February 1998.  Fourteen months later, in May 1999, [Lesane] retained trial counsel a little over two weeks before his trial was set to begin."  (Report & Recommendation 13.)  Lesane alleges that he was "never appointed an attorney . . . so it wasn't [his] fault for not retaining counsel earlier when the state or county never appointed one."  (Objections 4.)  There is a presumption of regularity in cases where the presence of appointed counsel for the accused is absent.  Bute v. Illinois, 333 U.S. 640, 672 (1948).  The presumption of regularity presumes that the "court constitutionally discharged, rather than unconstitutionally disregarded, its state and federal duties to [a defendant], including those relating to his right, if any, to the assistance of counsel."  Id.  Furthermore, there is no evidence that Lesane was entitled to and denied appointed counsel.  As such, his objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that Padula's motion for summary judgment, docket number 11, is granted; it is further

**ORDERED** that Lesane's habeas corpus petition, docket number 1, is dismissed; and it is

**ORDERED** that Lesane's motion for subpoenas, docket number 14, is dismissed as moot.

**IT IS SO ORDERED.**

                                      s/Henry M. Herlong, Jr.
                                      United States District Judge

Greenville, South Carolina
December 2, 2008

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.